UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LEONARD MCQUAY,

    Plaintiff,

    v.       CAUSE NO. 3:23-CV-436-JD-SJF

LIAW, et al.,

    Defendants.

OPINION AND ORDER

Leonard McQuay, a prisoner without a lawyer, is proceeding in this case on two claims: (1) against Lt. Bradford and Sgt. Thomas (the "state defendants") "for being deliberately indifferent to his need to urinate during the transport on November 4, 2022, in violation of the Eighth Amendment;" and (2) against Dr. Andrew Liaw, Nurse Danielle Krolikowski, Nurse Sandra Allen, and Nurse Marne Juestel (the "medical defendants") "for being deliberately indifferent to his serious bladder, kidney, prostate and/or stomach issues from November 4, 2022, to December 22, 2022, in violation of the Eighth Amendment[.]" ECF 13 at 18. The medical defendants move the court for reconsideration from its order denying their joint motion for summary judgment, in which they argued McQuay did not exhaust his available administrative remedies before filing this lawsuit. ECF 30, ECF 41, ECF 46.

In their summary judgment motion, the medical defendants argued McQuay did not exhaust his available remedies before filing this lawsuit because he never fully exhausted any relevant grievance. ECF 30. The court denied this motion because the

undisputed facts showed the grievance office made McQuay's administrative remedies unavailable by improperly rejecting his May 1, 2023, grievance as untimely without addressing his request for a time limit extension. ECF 41 at 3-4.

In their motion for reconsideration, the medical defendants now argue McQuay's May 1 grievance was relevant only to his claim against the state defendants, and did not exhaust his claim against the medical defendants. But this is not a valid basis for reconsideration, as the medical defendants could have raised this argument in their reply to the summary judgment motion. *See Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for . . . arguing matters that could have been heard during the pendency of the previous motion"). In their reply to the summary judgment motion, the medical defendants conceded McQuay's May 1 grievance applied to both of his claims and argued only that the grievance office properly rejected the grievance. *See* ECF 39 at 9. Therefore, the medical defendants cannot now argue that the May 1 grievance did not apply to McQuay's claim against them. *See King v. Ford Motor Co.*, 872 F.3d 833, 838–39 (7th Cir. 2017) (arguments which "could have been submitted along with [the] response to the motion for summary judgment [are] not properly presented for the first time in a motion for reconsideration").

Regardless, even if the medical defendants had raised this argument in their reply, the evidence shows McQuay's May 1 grievance likely exhausted his claim against the medical defendants. Specifically, McQuay alleged in his May 1 grievance that on November 6, 2022, medical staff improperly inserted a catheter into his urethra without

using any lubricant, which damaged his urethra and caused his flesh to "come apart." ECF 30-1 at 35-37. He also asserted he experienced "unbearable pain" due to internal bleeding, acute renal failure, holes in his bladder, and a swollen prostate. *Id.* at 37. This likely put the prison on notice of McQuay's claim that the medical defendants provided constitutionally inadequate treatment for his "bladder, kidney, prostate and/or stomach issues" between November 4, 2022 and December 22, 2022. ECF 13 at 18; *see Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (holding that exhaustion is designed to provide the prison with notice of the problem and give them an opportunity to fix it); *King v. Dart*, 63 F.4th 602, 608 (7th Cir. 2023) (An inmate's grievance is sufficient to exhaust a claim if it raises the same claim as the lawsuit and provides enough information to indicate that the defendant is the target); *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002) ("a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.").

Thus, the medical defendants have not shown any valid basis for reconsideration of the court's order denying their summary judgment motion. For these reasons, the medical defendants' motion for reconsideration (ECF 46) is DENIED.

SO ORDERED on May 8, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

3